## WARREN K. DOE *versus* EBENEZER H. SCRIBNER.

An assignment for the benefit of creditors, under the statute of 1844, c. 112, is not void in consequence of a clause in it, providing that the subscribing creditors for the consideration aforesaid, do severally for themselves release unto the assigning debtor all manner of actions, debts, demands and claims whatsoever, which they have against him.

A creditor, by signing the assignment, does not release any claim, which does not come within the statute of 1844, c. 112, § 1.

If a debtor, contemplating an assignment, makes conveyances of his property, with an intention to delay, defeat or defraud his creditors, the assignment will not bar an action against him by a creditor who had. become a party to it.

But the assignment may nevertheless be valid for some purposes, and as to some parties.

ON FACTS AGREED, from *Nisi Prius*, SHEPLEY, C. J., presiding.

This suit was upon a conditional note made by defendant, payable to plaintiff, for $1100, with interest.

For this hearing the following facts were considered as proved: —

That the conditions named in the note had been performed before the suit was commenced.

That defendant, on Nov. 16th, 1850, made an assignment of his property for the benefit of his creditors, to Joseph Percival and David McCrillis, which may be referred to, and which contained the following clause: — "and the said subscribing creditors for the consideration aforesaid, do severally for themselves release unto said Scribner all manner of actions, debts, demands and claims whatsoever, which they have against him." The assignees accepted the trust, and complied with the requirements of the law.

That the defendant, on Sept. 14th, 1850, made a mortgage of his homestead estate to his son, B. K. Scribner, to secure the payment of $3000.

That on Nov. 4th, 1850, defendant conveyed the same to Hadassah Scribner for the consideration of $250, subject to mortgages for $3200, the estate being estimated to be worth from $5000, to $6000. On same day he conveyed in mortgage the personal property on the same estate, and his household furniture, to B. K. Scribner, to secure the payment of $1400.

On Nov. 6th, 1850, the defendant conveyed a lot of land adjoining the homestead estate, to David McCrillis for $1440.

That on the night when the assignment was made, the defendant paid to one of his creditors, Thomas Herrick, $100, cash.

That the above conveyances for this hearing may be considered as all made to defraud creditors, and in contemplation of making an assignment of his property.

The assignment was signed by the plaintiff.

If, upon these facts, the Court shall be of opinion that the assignment was illegal and void by the insertion of the clause before named, the defendant is to be defaulted. If of opinion that it is not void for that cause, or by reason of making the conveyance as before stated and paying the money before stated, the plaintiff is to become nonsuit. If of opinion that the assignment would be void upon proof of conveyances and payment of money as before stated, the action is to stand for trial.

Doe *v.* Scribner.

*Hinds* and *Bradbury & Morrill,* for plaintiff.

The assignment containing the release relied on by the defence, is void : —

1. Because it requires of the creditors a release of "all manner of actions, debts, demands and claims," instead of a mere release of debts, which is all the law authorizes. R. S., 1844, c. 112, § 1; *Pearson* v. *Crosby,* 23 Maine, 261; *Vose* v. *Holcomb,* 31 Maine, 407; *Hadley & al.* v. *Fairbanks & Tr.* 4 Mason, 206; Ware's Rep. 232.

There is a substantial variance between "debts" and "all manner of actions, debts, demands and claims."

2. The assignment is void by reason of fraud on the part of the assignor in preferring creditors and paying debts, after he had determined on assigning.

Assignments must provide for an equal distribution of *all* the property. No preference is allowed.

The payment of a debt or conveyance of property, with a view of preference, or to withhold any part, is a fraud on the law, and withholds the privilege of its benefits. This may as well be done indirectly and by separate instruments, as if in the assignment.

It is continuity of intent that connects the transactions and makes them one.

*Drummond, Abbott* and *Paine,* for defendant.

1. The instrument provides for a *pro rata* distribution. It was optional with the plaintiff to release all causes of action. He should not be heard to complain.

2. The statute declares that a release of debts shall be a discharge of all claims, and the terms of the release clause under consideration are not more comprehensive.

3. The release imports a discharge of such claims only as the subscribers hold as creditors; in other words, debts.

4. The assignment is valid, notwithstanding prior conveyances made by the assignor, in contemplation of an assignment. The rights of the subscribing creditors are not to be impaired by frauds to which they were not parties. *Woodward*

v. *Marshall & Tr.*, 22 Pick. 468; *Fairbanks* v. *Haynes*, 23 Pick. 323; *Macomber* v. *Weeks*, 3 Met. 512.

5. As the assignment is valid, the plaintiff will receive all the advantages provided for, and he cannot be permitted to set aside the release, the only part of the instrument containing stipulations on his part.

GOODENOW, J. — The assignment having been signed by the plaintiff, there is no reason to presume that he released any claim, which did not come within the statute of 1844, c. 112, § 1. We are of the opinion, therefore, that the assignment is not void in consequence of the insertion of the clause providing, that " the said subscribing creditors for the consideration aforesaid, do severally for themselves release unto said Scribner all manner of actions, debts, demands and claims whatsoever, which they have against him."

But we are of the opinion, that if the defendant made conveyances of his property, with an intention to delay, defeat or defraud his creditors, before the execution of the assignment, and in contemplation of making an assignment of his property, he cannot be permitted to interpose the assignment against the plaintiff's right to recover in this action. The plaintiff may be ready to take upon himself the burthen of proving such conveyances fraudulent; while the assignees might decline to do so. He should be allowed that privilege. The case of *Woodward* v. *Marshall*, 22 Pick. 468, was an action against the assignees, as trustees, and they were discharged. Similar were the cases of *Fairbanks* v. *Haynes*, 23 Pick. 232; *Brown* v. *Foster*, 2 Met. 152, and *Macomber* v. *Weeks*, 3 Met. 512.

The assignees may be entitled to hold the property assigned to them in trust for the benefit of the creditors; while the defendant may have so conducted in making the assignment or arrangements preparatory to it, as to destroy his claim to be discharged from the plaintiff's demand. The assignment may be valid for some purposes and as to some parties, and invalid for other purposes and as to other parties.

We are of the opinion, that if the conveyances stated were made to defraud creditors and in contemplation of making an assignment of his property by the defendant, that the assignment is so far void as to him, that this action, according to the report of the Judge, should *stand for trial*.

TENNEY, C. J., and RICE, J., concurred.

APPLETON, J., dissented.